IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL FRANKLIN,<br><br>Plaintiff,<br><br>vs.<br><br>OMAHA HOUSING AUTHORITY, CARMELA SMITH, and GENERAL ASSISTANCE,<br><br>Defendants. | 8:21CV101<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff lived in a subsidized low-income apartment in Omaha, Nebraska. Plaintiff claims he never failed to pay rent on time, but the Omaha Housing Authority ("OHA")[1] wrongfully terminated his lease because of the false accusation that Plaintiff used threatening language to OHA staff. Plaintiff claims that, in reality, his lease was terminated after he reported apartment site manager Carmela Smith for

---

[1] The "OHA is a public housing agency established pursuant to state and federal housing programs," *Banks, Jr. v. Housing Auth. of City of Omaha*, 795 N.W.2d 632, 635 (Neb. 2011), that operates under the Nebraska Housing Agency Act, Neb. Rev. Stat. §§ 71-1572, *et seq*. (Westlaw 2021). "The OHA operates two major housing programs: a public housing program and a housing choice voucher program commonly referred to as the "Section 8" program." *Thirty LLC v. Omaha Hous. Auth.*, 17 Neb. App. 715, 716, 771 N.W.2d 165, 167 (2009). Plaintiff makes no allegations regarding Section 8.

receiving and stealing Plaintiff's housing-assistance money and then attempting to charge Plaintiff for rent for which Smith and the OHA had already received payment.

Plaintiff alleges that after he realized that OHA and Smith were "involved in an illegal and fraudulent act of receiving Plaintiff's housing assistance welfare funds in the name of Plaintiff," Plaintiff reported the situation to Defendant General Assistance[2] in an effort to "get documents regarding Plaintiff's housing assistance welfare funds." Instead of helping Plaintiff, General Assistance supported OHA and Smith and threatened and harassed the Plaintiff for withholding housing assistance welfare funds. (Filing 1 at CM/ECF p. 8.)

Attached to Plaintiff's Complaint is a copy of a June 30, 2021, order from the Douglas County Court dismissing with prejudice Plaintiff's attempt to dismiss an October 21, 2020, judgment[3] entered in favor of the OHA for possession/eviction and writ of restitution with regard to the same premises at issue here. (Filing 8.) The

---

[2] Filing 6 indicates that "General Assistance" is the Douglas County Department of General Assistance. Plaintiff alleges that General Assistance is a state-owned agency providing rent assistance to the OHA.

[3] This judgment is contained in public records on file with the County Court of Douglas County, Nebraska, in Case No. CI20-17888, *Omaha Housing Authority v. Franklin* (available on the JUSTICE public database at www.nebraska.gov). The judgment provided that "any rental contract previously existing between the parties has been breached. A writ of restitution shall issue at 04:00 PM on 10/30/2020 commanding the Sheriff or Constable to remove defendant(s) and all other occupants from the subject premises." Federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996); *see also Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (federal courts may take judicial notice of judicial opinions and public records); *Stahl v. United States Dep't of Agriculture*, 327 F.3d 697, 700 (8th Cir. 2003) (taking judicial notice of public records, and considering such materials in a motion to dismiss).

June 30, 2021, order noted that although Plaintiff had the opportunity to appeal the eviction judgment, he chose not to do so, so he was barred from relitigating the merits of that claim.

Here, the Plaintiff demands $15,000 from the OHA, Smith, and General Assistance for discrimination, wrongful termination of lease, breach of contract, harassment, fraud, and violation of the Eighth Amendment and the "Equal right Amendment." (Filings 1 & 7.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  State Claims

Plaintiff's challenge to his eviction through his claims for the wrongful termination of his lease, breach of contract, and fraud is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject-matter jurisdiction over challenges to state-court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). See *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state-court judicial proceeding. *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief). As alleged, Plaintiff essentially asks the court to reject the state court's eviction determination, and this court lacks jurisdiction to do so.

### B.  Federal Claims

Plaintiff asserts, presumably under 42 U.S.C. § 1983, that the Defendants discriminated against, harassed, and retaliated against him contrary to federal law and violated his rights under the Eighth Amendment and the "Equal right Amendment" of the United States Constitution by terminating his lease. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show

that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1. FHA

Liberally construed, Plaintiff's allegations are perhaps meant to suggest discrimination, harassment, and retaliation claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.* (Westlaw 2021). Under the FHA, a tenant subject to unlawful discrimination, harassment, or retaliation can bring a private cause of action seeking damages. 42 U.S.C. § 3613; *Neudecker v. Boisclair Corp,* 351 F.3d 361, 363 (8th Cir. 2003).

The FHA prevents discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). "Disparate-treatment claims under the FHA are tested under the same framework as Title VII disparate-treatment claims." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010). Here, Plaintiff fails to state a discrimination claim under the FHA because he makes no allegations regarding his race, color, religion, sex, familial status, or national origin, or that such characteristics were the basis for his eviction. Similarly, Plaintiff fails to allege facts indicating that the OHA subjected him to unwelcome harassment based on such characteristics and that this unwelcome harassment was sufficiently severe to deprive him of his right to enjoy his home. *Neudecker*, 351 F.3d at 364 ("harassment in the housing context is actionable under the FHA"; disability harassment); *see also United States v. Hurt*, 676 F.3d 649, 654 (8th Cir. 2012) (sexual harassment actionable under FHA).

In addition to claims based on discrimination and harassment, the FHA also makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . ,

any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617; *Gallagher v. Magner*, 619 F.3d 823, 838 (8th Cir. 2010). Unlawful conduct under this section includes "[r]etaliating against any person because that person has made a complaint . . . under the Fair Housing Act." 24 C.F.R. § 100.400(c)(5). *See, e.g.*, *Mehta v. Beaconridge Improvement Ass'n*, 432 F. App'x 614, 617, 2011 WL 3203441, at *3 (7th Cir. 2011) (unpublished) (on initial review of pro se complaint, district court erred in dismissing FHA retaliation claim when plaintiff alleged that after he complained about disparate treatment, housing association retaliated against his family by restricting their access to amenities, claiming his account was delinquent, performing unnecessary work and billing plaintiff for it, and threatening to file lien on plaintiff's home).

"To state a claim for retaliation under the FHA, Plaintiff must show: (1) [he] engaged in a protected activity; (2) Defendant was aware of the activity; (3) Defendant took adverse action against [the plaintiff]; and (4) there is a causal link between the adverse action and the protected activity." *United States v. Edmunds*, No. 15-CV-2705, 2016 WL 7670605, at *4 (D. Minn. Dec. 6, 2016), *report and recommendation adopted*, No. CV 15-2705, 2017 WL 102964 (D. Minn. Jan. 10, 2017). Here, Plaintiff alleges that because he complained that his site manager (Defendant Smith) stole his government-issued rent subsidy and then double-billed him, Defendant Omaha Housing Authority then evicted him. Liberally construing Plaintiff's Complaint, and assuming that Plaintiff's complaint about his site manager was "protected conduct" under the FHA, this would be enough to allege a FHA retaliation claim.

However, documents filed by Plaintiff (Filing 8) and judicially noticed by the court show a state-court judgment in favor of the Omaha Housing Authority and against Plaintiff for restitution of the subsidized premises at issue. Because Plaintiff's claim of retaliation in violation of the FHA is based on the same eviction, the state-court judgment precludes consideration of such a claim. *See Young v. Jackson*, 417 F. App'x 592, 594 (8th Cir. 2011) (unpublished) (state-court judgment upholding eviction in favor of subsidized apartments had preclusive effect on FHA

retaliation claim which was based on same eviction, and court properly dismissed FHA claim for failure to state claim upon which relief could be granted); *see also Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052-53 (8th Cir. 2004) ("Where a plaintiff fashions a new theory of recovery or cites a new body of law that was arguably violated by a defendant's conduct, res judicata will still bar the second claim if it is based on the same nucleus of operative facts as the prior claim." (internal quotation omitted)); *Seifert v. Kleine*, No. 8:18CV166, 2018 WL 3210523, at *2 (D. Neb. June 29, 2018) (discussing elements of claim and issue preclusion under Nebraska law and applying such principles to dismiss action on initial review of pro se case); *Fraction v. Rookstool*, No. 8:17CV292, 2017 WL 3726746, at *4 (D. Neb. Aug. 28, 2017) (dismissing action on initial review of pro se case based on prior state-court litigation).

### 2. **Constitutional Claims**

Plaintiff also asserts claims under the Eighth Amendment and the "Equal right Amendment," presumably through 42 U.S.C. § 1983. (Filing 7.)

Plaintiff's Eighth Amendment claim must be dismissed because the Eighth Amendment's prohibition against cruel and unusual punishment applies only to those against whom the government has secured a formal adjudication of guilt, and there is no allegation here that Plaintiff has been criminally convicted. *Ford v. Donovan*, 891 F. Supp. 2d 60, 65 (D.D.C. 2012) (tenant could not assert claims under § 1983 for violations of the Eighth Amendment against District of Columbia Housing Authority officials for alleged irregularities in election for president of resident council at apartment complex because tenant had not been adjudicated guilty of any crime).

Because one of the main elements of Plaintiff's Complaint is discrimination, the court construes Plaintiff's "Equal right Amendment" claim to be based on discrimination under the Equal Protection Clause. However, such a claim "require[s] . . . discriminatory motive or intent" and, as discussed above, Plaintiff's Complaint

makes no allegations of discrimination based on his race, color, religion, sex, familial status, or national origin, or that such characteristics were the basis for his eviction. *Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012) (to amount to constitutional violation under Equal Protection Clause, act must be committed with discriminatory purpose); *Folger v. City of Minneapolis*, 43 F. Supp. 3d 922, 938 (D. Minn. 2014) (disparate treatment claims under FHA and discrimination claims under Equal Protection Clause and Sections 1981 and 1982 require evidence of discriminatory motive or intent, and conclusory allegations of discrimination in complaint are not sufficient). Hence, this claim must be dismissed as well.

### IV. CONCLUSION

The court concludes that Plaintiff's state-law claims must be dismissed pursuant to the *Rooker-Feldman* doctrine; Plaintiff's FHA discrimination and harassment claims must be dismissed without prejudice for failure to state a claim upon which relief can be granted; and Plaintiff's FHA retaliation claim against Defendant Omaha Housing Authority must be dismissed with prejudice based on res judicata or claim preclusion. Plaintiff's Eighth Amendment claim is dismissed because the Eighth Amendment is inapplicable to this case. Finally, Plaintiff's Equal Protection claim is dismissed for failure to state a claim upon which relief can be granted.

While all of Plaintiff's claims are subject to pre-service dismissal, out of an abundance of caution, Plaintiff will be granted leave to file an amended complaint.

IT IS ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the

time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when each defendant did it, and how each defendant's actions harmed him.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint (Filings 1) and its Supplements (Filings 6-8) and any new allegations. Failure to consolidate all claims into **one document** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4. The Clerk of the Court is directed to set a pro se case management deadline using the following text: August 16, 2021—amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 16th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge