IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. FRANKLIN JR., <br><br> Plaintiff, <br><br> vs. <br><br> OMAHA HOUSING AUTHORITY, CARMELA SMITH, and GENERAL ASSISTANCE, <br><br> Defendants. | 8:21CV101 <br><br> **MEMORANDUM AND ORDER** |

On the court's initial review (Filing 9) of Plaintiff's pro se Complaint (Filing 1), it concluded that Plaintiff's state-law claims of wrongful termination of his lease, breach of contract, and fraud were subject to dismissal pursuant to the *Rooker-Feldman* doctrine; Plaintiff's discrimination and harassment claims under the Fair Housing Act ("FHA") were subject to dismissal without prejudice for failure to state a claim upon which relief can be granted; and Plaintiff's FHA retaliation claim against Defendant Omaha Housing Authority was subject to dismissal with prejudice based on res judicata or claim preclusion. The court also found that Plaintiff's Eighth Amendment claim was subject to dismissal because the Eighth Amendment is inapplicable to this case and Plaintiff's Equal Protection claim was subject to dismissal for failure to state a claim upon which relief can be granted.

While all of Plaintiff's claims were subject to pre-service dismissal, the court granted Plaintiff leave to file an amended complaint. Plaintiff has done so. (Filing 10.) The court now conducts an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

Plaintiff's Amended Complaint is substantially similar to Plaintiff's initial Complaint, and nothing in it changes the court's analysis of his claims on initial

review (Filing 9), which will not be repeated here. The only new substantive material in Plaintiff's Amended Complaint is Plaintiff's allegation that Defendant Carmela Smith "trespassed into Plaintiff's apartment and searched through the Plaintiff's belongings."[1] (Filing 10 at CM/ECF p. 3.) Plaintiff alleges that Smith "is an individual residing at 600 south 27th st" and is a "site manager" at the apartments in which Plaintiff lived. (*Id.*)

Section 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Here, Plaintiff alleges that Defendant Carmela Smith searched through his belongings in his apartment. The Fourth Amendment to the Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. Only state actors may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("A private party who willfully participates in joint activity with the State or its agents is considered a state actor.").

"'[I]n a few limited circumstances,' a private entity 'can qualify as a state actor,' including 'when the private entity performs a traditional, exclusive public function,' and 'when the government acts jointly with the private entity.'" *Doe v. North Homes, Inc.*, 11 F. 4th 633, 637 (8th Cir. 2021) (quoting *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (internal citations omitted)); *see also Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its

---

[1] Plaintiff's Amended Complaint makes these allegations against Carmela Smith in a paragraph labeled with her name. The court presumes that Plaintiff's use of "Defendant No. 1" in this paragraph is a typographical error, as Carmela Smith is designated as "Defendant No. 2" at the beginning of the Amended Complaint. (Filing 2 at CM/ECF p. 7.)

2

agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

Plaintiff alleges that Defendant Smith is "an individual" who wrongfully searched his apartment. Plaintiff does not allege facts suggesting that, when Smith searched Plaintiff's apartment, she was performing a traditional, exclusive public function; acting jointly with the government; or that the state delegated a power traditionally reserved to the state to Smith. Accordingly, Plaintiff's new allegations fail to state a 42 U.S.C. § 1983 Fourth Amendment claim upon which relief can be granted. *See Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." (internal quotation marks and citation omitted)); *West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation marks and citation omitted)); *see, e.g.*, *Salpatoria v. Winkel*, No. 4:17-CV-04172, 2018 WL 3059674, at *2 (D.S.D. June 20, 2018) (pro se plaintiff failed to state claim against hotel manager for giving officers permission to enter plaintiff's hotel room and arrest him because "manager of a hotel is not a state actor and does not act under state law"); *Twitty v. Frey*, No. 4:09-CV-915, 2009 WL 2032075, at *2 (E.D. Mo. July 9, 2009) (dismissing pro se complaint as frivolous as to two defendants "because plaintiff does not allege that either defendant is a state actor under § 1983").

IT IS ORDERED:

1. This case is dismissed; specifically, Plaintiff's state-law claims of wrongful termination of his lease, breach of contract, and fraud are dismissed pursuant to the *Rooker-Feldman* doctrine; Plaintiff's discrimination and harassment claims under the Fair Housing Act are dismissed without prejudice for failure to state a claim upon which relief can be granted; Plaintiff's Fair Housing Act retaliation

claim against Defendant Omaha Housing Authority is dismissed with prejudice based on res judicata or claim preclusion; Plaintiff's 42 U.S.C. § 1983 Eighth Amendment claim is dismissed as frivolous because the Eighth Amendment is inapplicable to this case; Plaintiff's 42 U.S.C. § 1983 equal protection claim is dismissed without prejudice for failure to state a claim upon which relief can be granted; and Plaintiff's 42 U.S.C. § 1983 Fourth Amendment search claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. Judgment will be entered by separate document.

DATED this 12th day of January, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge